ABDULATAEF ALI,

          Plaintiff,                        Case No. 07-15048

vs.                                 DISTRICT JUDGE JOHN CORBETT O'MEARA
                                       MAGISTRATE JUDGE STEVEN D. PEPE

AMERICAN STEAMSHIP COMPANY and
MV INDIANA HARBOR
                    Defendants.
============================/

## ORDER GRANTING DEFENDANT'S
## MOTION TO COMPEL PRODUCTION OF DOCUMENTS (DKT. #33)

On October 23, 2008, Defendant American Steamship Company moved for an order to compel Plaintiff to produce certain documents (Dkt. #33). This motion was referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A) (Dkt. #34). For the reasons indicated below, Defendants' motion is **GRANTED**.

Pursuant to Local Rule 7.1(d)(2)(B), "a response to a nondispositive motion must be filed within 14 days after service of the motion." Here, Plaintiff has failed to file any response to Defendants' motion to compel, which was filed on October 23, 2008. Pursuant to Local Rule 7.1(d)(2)(E), "oral hearings will be held unless the judge at any time prior to the hearing orders their submission and determination without oral hearing on the briefs filed as required by this rule." Because Plaintiff has failed to file any responses in opposition to the relief requested as required by the Local Rules or sought an extension of time to file her response, it is determined that a ruling can be made on the pending motion to compel without oral argument.

From reviewing Defendants' motion to compel, it appears that Plaintiff has failed to

provide a number of documents referenced during his deposition. To date, no such document have been provided. Having failed to timely respond or file any objection to the discovery or respond to the motion to compel, Plaintiff has waived any objections that might have been asserted with respect to Defendants' discovery requests. *See* 8A C. Wright, A. Miller & R. Marcus, FEDERAL PRACTICE AND PROCEDURE, § 2173, (2008), and extensive case authority cited therein. Accordingly, on or before December 2, 2008, Plaintiff shall provide defense counsel with the following documents:

> 1. Copies of Mr. Ali's discharge documents or other documents he has in his possession and referenced during the course of his deposition reflecting employment on the: CHALLENGER; IGLEHART; PRESQUE ISLE; SULFUR ENTERPRISE; and CHARLES BROWN.

> 2. The identity of the physician who performed the physical before his employment with Liberty Maritime.

> 3. The identity of the physician who will be or has performed the hernia repair as well as the name of the healthcare provider where said hernia repair was performed. Plaintiff will also provide Defendant with authorizations to obtain these records.

> 4. Plaintiff shall provide authorizations to permit Defendant to obtain Mr. Ali 's employment records from those employers with whom he worked while serving on the CHALLENGER; IGLEHART; PRESQUE ISLE; SULFUR ENTERPRISE and CHARLES BROWN.

> 5. A copy of Mr. Ali's passport delineating the dates when he visited Yemen over the last five years.

Failure to comply with this Order may result in sanctions pursuant to Fed. R. Civ. P. 37(b).

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D.

Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

s/Steven D. Pepe
United States Magistrate Judge

Dated:  November 19, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 19, 2008.

s/V. Sims
Case Manager